# Williamsport *versus* Richter.

1. An act creating a Board of Health for a city enacted that the " board shall employ all such persons as shall be necessary to enable them to carry into effect the provisions of the Act * * * and fix the compensation of the persons so employed ;" and that the expenses incurred by the board should be chargeable on the city. *Held,* that in the absence of fraud the bill of a physician employed by the board and allowed by them was conclusive on the city.

2. In an action by a physician against the city to recover such bill, evidence was not admissible to show that the charges in the bill were excessive.

March 29th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Lycoming county :* Of January Term 1875, No. 198.

This was an action of assumpsit, brought April 19th 1873 by Augustus Richter against the city of Williamsport.

On the 25th of June 1872, the president of the board of health of Williamsport appointed the plaintiff and another physician to take care of patients at the small-pox hospital.

At a meeting of the board of health held December 17th 1872, the plaintiff submitted his bill, amounting to $460.18. The board resolved that the bill be allowed and the clerk be directed to draw an order for it. The council of the city refused to pay it, on the ground that it was excessive; this suit was brought for its recovery.

The board of health of Williamsport was created by Act of April 4th 1872, Pamph. L. 950, as follows :—

Sect. 1. " The city council of the city of Williamsport shall annually * * * appoint a board of health for said city, to consist

[Williamsport *v.* Richter.]

of one member from each ward, at least two of whom shall be practising physicians.

"Sect. 2. That the city council of said city shall have power to remove any or all of the members of said board of health whenever said council shall deem it expedient so to do, and to fill vacancies occurring in said board by death, resignation, removal or otherwise.

"Sect. 3. * * * That the city clerk and treasurer of said city shall be ex officio clerk and treasurer of said board; and the said treasurer shall pay, out of the fund appropriated for that purpose by the city council, all orders drawn on him by the president of said board, attested by the clerk. * * *

"Sect. 10. Said board shall employ all such persons as shall be necessary to enable them to carry into effect the provisions of this act, and the regulations they shall adopt and publish, and fix the compensation of persons so employed. * * *

"Sect. 12. The expenses incurred by the said board, in the execution of their duties, shall be chargeable upon the said city of Williamsport, and the city council shall annually make provision for the payment of the same, and fix the salaries to be paid to the members and officers of said board."

The case was tried February 8th 1875, before Gamble, P. J.

The plaintiff gave in evidence the minutes of the board of health showing their action on the plaintiff's bill as above stated; and also his bill as allowed by the board.    He then closed.

The defendants called Dr. W. H. H. Miller, who testified that he had been a practising physician for about twenty years.

Defendant's counsel proposed to ask witness what are the usual charges, by reputable physicians practising in the city of Williamsport, for medical attendance on small-pox patients, and what the witness received from the defendant for the same kind of services rendered by the plaintiff.    This for the purpose of showing that the charges made by the plaintiff, as appears from the bill in evidence, are exorbitant, excessive, and much greater than the same services are charged for when rendered to private persons.

Plaintiff's counsel objected, because the board of health of the city of Williamsport have regularly audited the bill of the plaintiff, and fixed, by a resolution of said board, the compensation due him, and said city, defendant, is bound by the action of the board of health.

The court rejected the offer, and sealed a bill of exceptions.

The verdict was for the plaintiff, for $529.90.

The defendant assigned for error the rejection of the offer of evidence.

*J. A. Beeber*, for plaintiff in error.

*H. M. Watson*, for defendant in error.

[Williamsport *v.* Richter.]

Mr. Justice PAXSON delivered the opinion of the court, May 8th 1877.

We think the learned judge of the court below was right in rejecting the evidence embraced in the assignment of error. The plaintiff's bill for professional services for attendance upon parties in the small-pox hospital having been formally approved by the board of health, the duty of payment was imposed upon the city. The Act of April 4th 1872, Pamph. L. 950, provides for the appointment of a board of health by the council of the city of Williamsport and defines the duties and powers of said board. By the 10th section it is enacted that "said board shall employ all such persons as shall be necessary to enable them to carry into effect the provisions of this act, and the regulations they shall adopt and publish, and fix the compensation of persons so employed." The board employed the plaintiff and fixed his compensation. No question of fraud is raised. It is a mere contention as to the value of the service rendered. The board of health, composed in part of physicians, and who employed the plaintiff, are certainly as competent to judge of the value of his services as the city councils. But under the Act of Assembly above cited this is not an open question, and this judgment must be affirmed.